NAOMI JANE GRAY (SBN 230171)
SHADES OF GRAY LAW GROUP, P.C.
100 Shoreline Highway, Suite 100B
Mill Valley, CA 94941
Telephone: (415) 746-9260
Facsimile: (415) 968-4328
ngray@shadesofgray.law

SCOTT ZEBRAK (*pro hac vice pending*)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue NW, Suite 503
Washington, D.C. 20015
Telephone: (202) 480-2999
Facsimile: (866) 766-1678
scott@oandzlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, PEARSON EDUCATION, INC., and CENGAGE LEARNING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>YAROSLAV STOLYARCHUK,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT<br>   (17 U.S.C. § 101, *et seq.*)<br>2. TRADEMARK AND TRADEMARK COUNTERFEITING<br>   (15 U.S.C. § 1114)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs McGraw-Hill Global Education Holdings, LLC, Pearson Education, Inc., and Cengage Learning, Inc. ("Plaintiffs"), for their Complaint against Defendant Yaroslav Stolyarchuk ("Defendant"), hereby allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a case involving extensive violations of the federal laws concerning copyright and trademark infringement. It arises from the intentional reproduction, importation,

1. distribution, and sale of counterfeit textbooks at the expense of authors, students, publishers and others.

2. Plaintiffs are leading educational publishers who develop, market, distribute, license, and sell a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages. Plaintiffs' textbooks are among the most popular and widely used titles in their fields.

3. Defendant sells and distributes counterfeit textbooks on a large-scale basis. The textbooks that Defendant distributes into and within the United States marketplace are not the authentic items published by Plaintiffs, but are counterfeits that infringe on Plaintiffs' copyrights and trademarks.

4. Plaintiffs seek injunctive relief and damages to put a stop to and obtain redress from Defendant's egregious infringement.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* and § 32 of the Lanham Act, 15 U.S.C. § 1114.

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121.

7. Personal jurisdiction in this district is proper because Defendant resides in California. Moreover, Defendant has imported counterfeit textbooks into California and distributed counterfeit textbooks from, and within, California.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 28 U.S.C. § 1400(a).

## THE PARTIES

9. Plaintiff McGraw-Hill Global Education Holdings, LLC ("MHE") is a Delaware limited liability company with its principal place of business at 2 Penn Plaza, New York, New York 10020.

10. Plaintiff Pearson Education, Inc. ("Pearson"), is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, New York 10013.

11. Plaintiff Cengage Learning, Inc. ("Cengage"), formerly Thomson Learning Inc., is a Delaware corporation with its principal place of business in Boston, Massachussetts.

12. Defendant Yaroslav Stolyarchuk is an individual who, on information and belief, is domiciled in Sacramento, California 95835.

## PLAINTIFFS' BUSINESSES, COPYRIGHTS, AND TRADEMARKS

13. Pearson is a world-renowned publisher of educational books and multimedia materials in all subject areas and grade levels, operating under numerous imprints, with a rich educational and literary heritage. With well-known brands such as Pearson, Prentice Hall, Pearson Longman, Pearson Scott Foresman, Pearson Addison Wesley, Pearson NCS, and many others, Pearson provides quality content, assessment tools, and educational services in all available media.

14. MHE is a world-renowned publisher of educational books and multimedia materials in all subject areas and grade levels, operating and publishing under many distinguished and well-known imprints, with a rich educational and literary heritage. MHE's textbooks have achieved acclaim not only in the United States, but also in many other countries around the world.

15. Cengage is among the world's largest providers of tailored learning solutions. In the academic marketplace, Cengage serves secondary, post-secondary, and graduate-level students, teachers, and learning institutions in both traditional and remote learning environments. Cengage's products and services are sold throughout the world, through direct channels and via a worldwide network of distributors.

16. Plaintiffs' publications include physical and digital textbooks (collectively, "Textbooks"). Plaintiffs' Textbooks are widely available in the marketplace for sale, rental, or subscription, including from physical and online bookstores.

17. Plaintiffs are the copyright owners of, and/or the owners of the exclusive rights under copyright in, inter alia, those works or derivative works consisting of the Textbooks

described on **Exhibit A** (hereinafter, "Plaintiffs' Authentic Works"). Plaintiffs or their affiliates have obtained registrations duly issued by the U.S. Copyright Office protecting their respective copyrights in Plaintiffs' Authentic Works, as reflected in **Exhibit A**.

18. Plaintiffs' Authentic Works bear trademarks and service marks as set forth on **Exhibit B** (hereinafter, "Plaintiffs' Marks"), which Plaintiffs or their affiliates have duly registered on the Principal Register of the United States Patent and Trademark Office. Plaintiffs own or are the exclusive licensee of Plaintiffs' Marks. Plaintiffs' Marks are distinctive and arbitrary and, in some cases, are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. All of the registrations listed on **Exhibit B** are valid, subsisting, unrevoked, and not cancelled. Plaintiffs also own common law rights in these and other trademarks.

19. Plaintiffs invest heavily in publishing their Textbooks. Each year they incur substantial costs for author royalties and other costs of content creation or licensing, copyediting and proofreading, typesetting, layout, printing, binding, distribution, promotion, and for support of their editorial offices.

20. Plaintiffs and/or their predecessors have also invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs and their trademarks. Plaintiffs invest significant resources annually in the worldwide advertisement and promotion of their goods and services under their respective marks. Plaintiffs' Marks and the goodwill of the business associated with them in the United States and throughout the world are of tremendous value and have become associated in the public mind with Plaintiffs' reputation for publishing Textbooks of the very highest quality.

## **DEFENDANT'S UNLAWFUL ACTIVITIES**

21. Beginning not later than 2016, and continuing today, Defendant has sold and distributed counterfeits of Plaintiffs' Authentic Works bearing Plaintiffs' Marks (hereinafter, the "Counterfeit Textbooks").

22. Defendant, without any authorization or license from Plaintiffs, has knowingly and willfully distributed the Counterfeit Textbooks and continues to do so. Plaintiffs did not print, or

authorize the printing of, the Counterfeit Textbooks. Plaintiffs did not ever sell, or authorize others to sell, the Counterfeit Textbooks.

23. Defendant, without any authorization or license from Plaintiffs, has knowingly and willfully used and continues to use Plaintiffs' Marks in connection with the advertisement, distribution, offer for sale, and/or sale of the Counterfeit Textbooks. The Counterfeit Textbooks are not genuine. Defendant purports to sell the legitimate and authorized versions published by Plaintiffs, but actually distributes counterfeit versions.

24. Defendant's infringing activities are rampant. **Exhibit A** describes the Counterfeit Textbooks that Defendant has sold and distributed and that Plaintiffs have discovered to date. **Exhibit A** is representative, not comprehensive, and will be updated over the course of discovery in this action. Nevertheless, even at this early stage of the proceeding, **Exhibit A** already lists over thirty-five (35) separate copyrighted works infringed.

25. Defendant sells Counterfeit Textbooks to individual consumers and commercial wholesalers via a variety of channels. Defendant operates a website at www.booksliquidation.com, through which he sells textbooks and other items. In addition to his website, Defendant offers for sale and sells textbooks using of a variety of seemingly anonymous online seller accounts, also known as storefronts, that he created on various Internet marketplaces (the "Online Storefronts"). Defendant's Online Storefronts include:

    a. "Books Liquidation" on the AbeBooks marketplace;

    b. "Jaros" on the Alibris marketplace;

    c. "ABC Books" on the Biblio marketplace;

    d. "lissbarney2" on the eBay marketplace;

    e. "pau-badg" on the eBay marketplace; and

    f. "usa-sales" on the Half.com marketplace.

26. Defendant's Online Storefronts are generally designed to appear to be a legitimate web store authorized to sell Plaintiffs' Authentic Works bearing Plaintiffs' Marks. By establishing the Online Storefronts, including on well-known marketplaces, Defendant hopes to

create a façade of legitimacy. Defendant falsely represents that the items he sells are authorized and genuine.

27. Plaintiffs have managed to obtain examples of some of the Counterfeit Textbooks that Defendant sold and distributed. For some of the titles in suit, Plaintiffs obtained the Counterfeit Textbooks through test purchases they made from Defendant via his Online Storefront. Plaintiffs have also obtained Counterfeit Textbooks from third party turnovers, in situations where the third-party or its supplier purchased the Counterfeit Textbooks from Defendant. The commercial wholesalers who received the books suspected them to be counterfeits and surrendered them to Plaintiffs for review.

28. At the time that Defendant imported, distributed, offered for sale and/or sold the Counterfeit Textbooks, Defendant knew or should have known that the Counterfeit Textbooks were infringing. Defendant knew or should have known that his suppliers are not authorized to reproduce Plaintiffs' Authentic Works or use Plaintiffs' Marks on textbooks. Defendant obtained these books without any due diligence as to the integrity of the supplier, how the supplier supposedly obtained the books, or the authenticity of the books. Defendant compounded the problem when, upon receipt of the books, he failed to conduct an adequate review to ensure that the books were not counterfeit.

29. By infringing Plaintiffs' copyrights and trademarks, Defendant causes Plaintiffs to suffer serious financial injury. The revenue from Plaintiffs' sales and rentals of Textbooks represents a substantial portion of Plaintiffs' respective annual revenues, and is therefore important to their financial health. Both publishers and authors alike are deprived of income when their Textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work. A substantial decline in revenue from sales or rentals of Plaintiffs' Textbooks could cause Plaintiffs to cease publication of one or more deserving Textbooks. This would have an adverse impact on the creation of new Textbooks, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving Textbooks.

30. The Counterfeit Textbooks that Defendant sold are inferior to or different than Plaintiffs' Authentic Works. Among other differences, the binding, glue, paper, color, and printing can be different and inferior. Based on the use of Plaintiffs' Marks, actual and prospective purchasers are likely to believe that the Counterfeit Textbooks are Plaintiffs' Authentic Works. Because the Counterfeit Textbooks are inferior and different, this weakens, blurs, and tarnishes Plaintiffs' Marks. It further injures Plaintiffs' business reputations by causing Plaintiffs' Marks and the goodwill associated with them to be confused or mistakenly associated with a group or series of textbooks of lesser quality.

## FIRST CLAIM
### DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT
#### (In Violation of 17 U.S.C. § 106)

31. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations set forth in paragraphs 1-30 above.

32. Plaintiffs' Authentic Works constitute original works and copyrightable subject matter pursuant to the Copyright Act and Plaintiffs or their affiliates have obtained registrations duly issued by the U.S. Copyright Office protecting their respective copyrights in Plaintiffs' Authentic Works.

33. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Authentic Works, which have never been assigned, licensed, or otherwise transferred to Defendant.

34. Beginning no later than early 2016, and continuing today, Defendant, with knowledge of Plaintiffs' duly registered copyrights in the Authentic Works, has infringed Plaintiffs' copyrights. Defendant did more than supply the means to facilitate the infringement of Plaintiffs' copyrights; he substantially participated in and orchestrated such infringing activities.

35. Defendant infringed the copyrighted Authentic Works by, among other things, distributing and selling the Counterfeit Textbooks, without the permission, license, or consent of

Plaintiffs, in violation of Plaintiffs' exclusive right distribute their Authentic Works pursuant to 17 U.S.C. § 106(3). Accordingly, Defendant is liable for direct copyright infringement.

36. Defendant also knowingly engaged in, supervised, and/or controlled the distribution, sale, and importation of the Counterfeit Textbooks, and had a direct financial interest in, and stood to gain a direct financial benefit from his deliberately infringing activity. By engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendant personally induced, caused, and materially contributed to infringing conduct by others, including resellers to whom Defendant sold the Counterfeit Textbooks for further distribution. Accordingly, Defendant is liable for contributory and vicarious copyright infringement.

37. Defendant's wrongful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

38. Defendant's wrongful acts will continue unless enjoined by this Court.

39. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and have been, and will continue to be, damaged in an amount to be determined.

**SECOND CLAIM**
**TRADEMARK COUNTERFEITING AND INFRINGEMENT**
**(In Violation of 15 U.S.C. § 1114(1)(a))**

40. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations contained in paragraphs 1-39 above.

41. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any registered trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the sale, offering for sale, distribution, or advertising of goods or services on which such use is likely to result in confusion, mistake, or deception.

42. Defendant has used in commerce spurious designations that are identical to, or substantially indistinguishable from, Plaintiffs' Marks on goods for which Plaintiffs hold federal

trademark registrations. Defendant, without the consent or authorization of Plaintiffs, has used these spurious designations in connection with the manufacturing, advertising, sale, offering for sale, and/or distribution of goods for their own financial gain.

43. Defendant's use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks in conjunction with the Counterfeit Textbooks is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Textbooks, and is likely to deceive the public into believing the Counterfeit Textbooks being sold by Defendant originate from, are associated with, or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill, and sales.

44. Defendant engaged in these wrongful activities while having notice and knowledge of (i) Plaintiffs' well-known and prior rights in Plaintiffs' Marks, (ii) the fact that Defendant's Counterfeit Textbooks bear marks which are intentionally and confusingly similar to Plaintiffs' Marks, and (iii) that such use of Plaintiffs' Marks has not been authorized or licensed by Plaintiffs.

45. Defendant's acts as described in this Complaint constitute trademark counterfeiting and/or infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a)(1).

46. Defendant's unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

47. Defendant's wrongful acts will continue unless enjoined by this Court.

48. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and have been, and will continue to be, damaged in an amount to be determined.

## THIRD CLAIM
## COMMON-LAW PASSING OFF AND UNFAIR COMPETITION

49. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations contained in paragraphs 1-48 above.

50. Defendant's unauthorized use of Plaintiffs' Marks constitutes passing off and unfair competition in violation of the common law of the state of California.

51. Plaintiffs have expended substantial time, resources and effort to develop and obtain an excellent reputation and goodwill for their Marks.

52. Defendant has knowingly and willfully appropriated Plaintiffs' Marks in an effort to create the false impression that the infringing merchandise is sanctioned by Plaintiffs and in order to usurp the goodwill associated with Plaintiffs and their Marks.

53. Defendant's sale of Counterfeit Textbooks is likely to create consumer confusion, and to mislead consumers into believing that the Counterfeit Textbooks originated with or are authorized by Plaintiffs. Defendant's conduct has caused, and is likely to cause, confusion as to the source of the Counterfeit Textbooks.

54. Plaintiffs have suffered damages as a result of Defendant's conduct in an amount to be determined at trial.

55. Defendant's conduct has caused, and will continue to cause, irreparable harm to Plaintiffs.

**FOURTH CLAIM**
**UNFAIR COMPETITION**
**(In Violation of Cal. Bus. & Prof. Code §17200 *et seq.*)**

56. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations contained in paragraphs 1-55 above

57. Defendant's acts described above constitute unfair competition in violation of California Business & Professions Code § 17200 *et seq.* (the "Unfair Practices Act"). The Unfair Practices Act provides that unfair competition shall mean and include "any unlawful, unfair, or fraudulent act or practice."

58. Defendant has engaged in unlawful conduct which constitutes unfair competition. This conduct includes, but is not limited to, (a) confusing and deceiving consumers by falsely suggesting that the Counterfeit Textbooks are connected with, sponsored by, affiliated with, or related to Plaintiffs in violation of 15 U.S.C. §§ 1114 and 1125; and (b) passing off in violation of the common law of California.

59. Defendant's acts of unfair competition have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law for Defendant's acts of unfair competition.

## **PRAYER FOR RELIEF**

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

A. Judgment on each of the claims set forth above, including that Defendant's infringement of Plaintiffs' Authentic Works and Marks was intentional and willful.

B. An accounting and disgorgement of Defendant's profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of all purchases and sales of the Counterfeit Textbooks.

C. Pursuant to 17 U.S.C. § 502, an order enjoining Defendant from further infringing upon Plaintiffs' respective copyrights. Without limiting the foregoing, or any other relief the Court may deem appropriate, Plaintiffs request that Defendant, his officers, agents, servants, employees, and all persons in active concert with them, be temporarily, preliminarily, and permanently enjoined from:

1) Reproducing, distributing, displaying, or importing any unauthorized copies of any of Plaintiffs' copyrighted works;

2) Encouraging, assisting, or inducing anyone else to reproduce, distribute, display, or import any unauthorized copies of any of Plaintiffs' copyrighted works or financially benefitting from the same; and

3) Shipping, delivering, holding for sale, selling, returning, transferring, or otherwise disposing of in any manner any unauthorized copies of any of Plaintiffs' copyrighted works.

D. Pursuant to 15 U.S.C. § 1116, Cal. Bus. & Prof. Code § 17200 *et seq.*, and the common law of California, an order enjoining Defendant from further counterfeiting, or otherwise infringing upon, Plaintiffs' respective trademarks. Without limiting the foregoing, or

any other relief the Court may deem appropriate, Plaintiffs request that Defendant, his officers, agents, servants, employees, and all persons in active concert with them, be temporarily, preliminarily, and permanently enjoined from:

    1) Using Plaintiffs' trademarks or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' trademarks in connection with the distribution, advertising, offer for sale, and/or sale of merchandise that are not Plaintiffs' genuine products;

    2) Passing off, inducing, or enabling others to sell or pass off any counterfeit books as Plaintiffs' genuine products; and

    3) Shipping, delivering, holding for sale, selling, distributing, returning, transferring, or otherwise disposing of in any manner any books or other items falsely bearing Plaintiffs' trademarks, or any reproduction, counterfeit, copy, or colorable imitation of the same.

E. Pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118, an order requiring Defendant to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations or reproductions, including confusingly similar variations, of Plaintiffs' respective copyrights and trademarks.

F. Pursuant to 17 U.S.C. § 504, an order requiring Defendant to pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendant's unlawful acts of copyright infringement as alleged above, including actual damages or statutory damages at Plaintiffs' election.

G. Pursuant to 15 U.S.C. § 1117(a) or (b) and the common law of California, an order requiring Defendant to pay to Plaintiffs up to the trebled amount of such damages as Plaintiffs have sustained as a consequence of Defendant's unlawful acts of trademark counterfeiting and infringement as alleged above and all profits that Defendant has derived while using counterfeits or infringements of Plaintiffs' trademarks; or, in the alternative, pursuant to 15 U.S.C. § 1117(c), statutory damages of up to $2,000,000 for each trademark that Defendant has counterfeited or infringed.

H. Pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a), an order requiring Defendant to pay Plaintiffs' attorney's fees and costs associated with this litigation.

I. Pre-judgment and post-judgment interest at the applicable rate.

J. Such other and further relief the Court deems proper.

Respectfully submitted,

Dated: August 17, 2017
SHADES OF GRAY LAW GROUP, P.C.
NAOMI JANE GRAY

OPPENHEIM + ZEBRAK, LLP
SCOTT ZEBRAK (*pro hac vice* pending)

*/s/ Naomi Jane Gray*
Attorneys for Plaintiffs

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues that are so triable.

Respectfully submitted,

Dated: August 17, 2017
SHADES OF GRAY LAW GROUP, P.C.
NAOMI JANE GRAY

OPPENHEIM + ZEBRAK, LLP
SCOTT ZEBRAK (*pro hac vice* pending)

*/s/ Naomi Jane Gray*
Attorneys for Plaintiffs

**EXHIBIT A**

# EXHIBIT A
## COPYRIGHTS INFRINGED

| # | PUBLISHER | ISBN | TITLE | AUTHOR | EDITION | REGISTRATION |
|---|---|---|---|---|---|---|
| 1 | CENGAGE | 9781285860398 | ADVANTAGE BOOK: INTRODUCTION TO BUSINESS LAW | BEATTY/SAMUELSON | 5 | TX 8-022-135 |
| 2 | CENGAGE | 9781305642355 | ASSESSMENT IN SPECIAL AND INCLUSIVE EDUCATION | SALVIA | 13 | TX 8-283-213 |
| 3 | CENGAGE | 9781305670389 | AT RISK YOUTH | MCWHIRTER | 6 | TX 7-521-080 |
| 4 | CENGAGE | 9781285161594 | EFFECTIVE HELPING | OKUN | 8 | TX 7-904-759 |
| 5 | CENGAGE | 9781305271500 | ESSENTIAL INTERVIEWING: A PROGRAMMED APPROACH TO EFFECTIVE COMMUNICATION | EVANS/HEARNS/UHLEMANN | 9 | TX 8-223-732 |
| 6 | CENGAGE | 9781305101685 | ESSENTIAL RESEARCH METHODS FOR SOCIAL WORK | RUBIN/BABBIE | 4 | TX 8-004-492 |
| 7 | CENGAGE | 9781305087309 | GROUP COUNSELING: STRATEGIES AND SKILLS | JACOBS, MASSON, HARVILL AND SCHIMMEL | 8 | TX 8-005-993 |
| 8 | CENGAGE | 9781305101968 | PROGRAM EVALUATION | ROYSE/THYER/PADGETT | 6 | TX 8-030-293 |
| 9 | CENGAGE | 9781305077690 | THOSE WHO CAN TEACH | RYAN | 14 | TX 8-010-075 |
| 10 | CENGAGE | 9781305077331 | WRITING AND REPORTING THE NEWS | RICH | 8 | TX 8-017-088 |
| 11 | MCGRAW-HILL | 9781259179396 | BUSINESS: A CHANGING WORLD | FERRELL, HIRT, FERRELL | 10 | TX 7-709-608 |
| 12 | MCGRAW-HILL | 9780078023842 | DYNAMIC BUSINESS LAW: THE ESSENTIALS | KUBASEK, BROWNE, HERRON, DHOOGE, BARKACS | 3 | TX 8-002-251 |
| 13 | MCGRAW-HILL | 9781259235702 | ESSENTIALS OF ECONOMICS | SCHILLER, GEBHARDT | 10 | TX 8-278-999 |
| 14 | MCGRAW-HILL | 9780077862466 | ESSENTIALS OF NEGOTIATION | LEWICKI | 6 | TX 6-413-160 |
| 15 | MCGRAW-HILL | 9780078112911 | GLOBAL BUSINESS TODAY | HILL | 9 | TX 7-721-980 |
| 16 | MCGRAW-HILL | 9780073526249 | MEDIA ETHICS: ISSUES AND CASES | PATTERSON, WILKINS | 8 | TX 7-726-342 |
| 17 | MCGRAW-HILL | 9780073523910 | THE ART OF PUBLIC SPEAKING | LUCAS | 12 | TX 8-003-528 |
| 18 | MCGRAW-HILL | 9780078119064 | THE ELEMENTS OF MORAL PHILOSOPHY | RACHELS | 8 | TX 8-003-526 |
| 19 | MCGRAW-HILL | 9780078026546 | THE POLICE IN AMERICA: AN INTRODUCTION | WALKER, KATZ | 8 | TX 7-637-020 |
| 20 | MCGRAW-HILL | 9780078119088 | THE RIGHT THING TO DO | RACHELS | 7 | TX 6-342-727 |
| 21 | MCGRAW-HILL | 9780073532196 | THEORIES OF PERSONALITY | FEIST, FEIST, ROBERTS | 8 | TX 7-714-626 |
| 22 | MCGRAW-HILL | 9780078024795 | WE THE PEOPLE: AN INTRODUCTION TO AMERICAN GOVERNMENT | PATTERSON | 11 | TX 8-002-287 |
| 23 | PEARSON | 9780136003809 | ANATOMY OF THE SACRED | LIVINGSTON | 6 | TX 6-972-145 |
| 24 | PEARSON | 9780132659673 | COLLABORATION CONSULTATION AND TEAMWORK | DETTMER | 7 | TX 7-563-607 |
| 25 | PEARSON | 9780134417110 | CRIMINOLOGY TODAY | SMALLEGER | 8 | TX 8-253-621 |
| 26 | PEARSON | 9780132852159 | CURRICULUM LEADERSHIP | PARKAY | 10 | TX 7-771-341 |
| 27 | PEARSON | 9780134205588 | ESSENTIALS OF SOCIOLOGY | HENSLIN | 12 | TX 8-232-933 |
| 28 | PEARSON | 9780133920819 | ESSENTIALS ORGANIZATIONAL BEHAVIOR | ROBBINS | 13 | TX 8-051-247 |
| 29 | PEARSON | 9780134205588 | ESSENTIALS SOCIOLOGY | HENSLIN | 12 | TX 8-232-933 |
| 30 | PEARSON | 9780134061641 | ETHICAL LEGAL PROFESSIONAL ISSUES COUNSELING | REMLEY | 5 | TX 8-122-054 |
| 31 | PEARSON | 9780134129945 | GLOBAL MARKETING | KEEGAN | 9 | TX 8-270-604 |
| 32 | PEARSON | 9780134149530 | MARKETING: AN INTRODUCTION | ARMSTRONG | 13 | TX 7-875-481 |
| 33 | PEARSON | 9780133872293 | MICROECONOMICS | PARKIN | 12 | TX 8-088-629 |
| 34 | PEARSON | 9780134219929 | PLANNING, IMPLEMENTING, & EVALUATING HEALTH PROMOTION PROGRAMS: A PRIMER | MCKENZIE | 7 | TX 6-896-083 |
| 35 | PEARSON | 9780133591170 | PROCEDURES IN THE JUSTICE SYSTEM | ROBERSON | 11 | TX 8-050-102 |
| 36 | PEARSON | 9780133905427 | SCHOOL LAW & PUBLIC SCHOOLS | ESSEX | 6 | TX 8-051-259 |
| 37 | PEARSON | 9780321898685 | STYLE: LESSONS IN CLARITY AND GRACE | WILLIAMS | 11 | TX 7-702-858 |
| 38 | PEARSON | 9780133908923 | UNDERSTANDING PSYCHOLOGY | MORRIS | 11 | TX 8-088-525 |
| 39 | PEARSON | 9780205028801 | WRITING WITH STYLE | Trimble | 5 | TX 7-299-978 |

# EXHIBIT B

# EXHIBIT B
## TRADEMARKS INFRINGED

| PLAINTIFF | MARK | REGISTRATION NUMBER |
|---|---|---|
| CENGAGE LEARNING, INC. | BROOKS/COLE | 3,386,242 |
| CENGAGE LEARNING, INC. | CENGAGE | 3,603,349 |
| CENGAGE LEARNING, INC. | CENGAGE LEARNING | 3,603,376 |
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC | MCGRAW-HILL | 2,899,528 |
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC | MCGRAW-HILL EDUCATION | 4,733,567 |
| PEARSON EDUCATION, INC. | ALWAYS LEARNING | 4,708,487 |
| PEARSON EDUCATION, INC. | PEARSON | 2,599,724; 2,600,081; 2,652,792; 2,679,355; 2,691,830 |
| PEARSON EDUCATION, INC. | PRENTICE HALL | 1,332,044; 1,332,639; 1375654 |